GRANT & KELLY v. ROBERT AND ABNER R. CHAMBERS.

A suit was brought by the plaintiffs against the defendants on a note purporting to be for $1500. The defence set up was forgery; the parties compromised the suit by the defendants giving the plaintiffs a new note for $1000, and upon suit brought on the last note—*held,* that the compromise was a good consideration for the new note, and that the defendants could not set up as a defence that the first note was a forgery.

On rule to show cause why verdict for the plaintiffs, rendered in the Mercer Circuit, should not be set aside.

For the plaintiffs, *A. Dutcher.*

For the defendants, *F. Kingman* and *J. P. Stockton.*

VREDENBURGH, J. This was a suit brought on a promissory note, given by Robert Chambers, to the order of Abner R. Chambers, for $1000, dated September 23d, 1861, at sixty days, without defalcation or discount, payable at the Trenton Bank, and endorsed to the plaintiffs by Abner R. Chambers.

The plaintiffs, having proved the note and notice of protest, rested.

The defendants then offered to prove that a former suit had been brought by the plaintiffs against Robert Chambers, on a note for $1500, alleged by Chambers to have been altered from a $100 to a $1500 note, and consequently a forgery, and that the consideration of the $1000 note now in controversy, was founded upon the compromise of the former suit upon the said $1500 note, which offer the court overruled, and a verdict was taken for the plaintiffs; and the question with us now is, whether the $1000 note was given without sufficient legal consideration.

It is contended that the only consideration of the $1000 note was a worthless piece of forged paper, a note altered from a $100 to a $1500 note, and that consequently the $1000 note is void as between these parties.

It is true, as contended by the defendants, that if the only consideration of the $1000 note was a forged piece of paper, that the defence might be a good one; but such is not the true consideration of the $1000 note.

A suit is brought by the endorsee against the drawer and endorser of the $1500 note. The defence is, that the drawer's name is forged: the parties get together to talk the matter over; the plaintiffs say the note is genuine; the drawer and endorser say it is a forgery. Finally, the defendants say to the plaintiffs, if you will withdraw this suit, I will give you a new note for $1000 by way of compromise. The plaintiffs say they will take it; and the compromise is consummated by the plaintiffs withdrawing the old suit, and the defendants giving the new note for $1000. Now, if when the $1000 note was given it was admitted by both sides that the $1500 note was a forgery, then the defendant's posi-

tion might be good. But then this would be no compromise; it would be merely an agreement of the defendants to give the plaintiffs a note for $1000 for nothing.

But the difficulty is, that upon a compromise the reverse is true. This arrangement is made upon an allegation, on one side, that the $1500 note is a forgery, and on the other side, that it is genuine. The consideration of the new note, so far as the plaintiffs are concerned, is the getting a new note of $1000 in the place of a $1500 note, which, on trial, may perhaps turn out to be a forgery. To get clear of those chances, he is willing to lose $500 on his claim. The consideration, so far as regards the defendants, is getting clear of the chances of a verdict against him for the whole $1500, and to effect that, he is willing to pay $1000. So that the forged paper is in no sense the consideration of the new note. How, in the nature of things, can the forged paper be the consideration of the new note, when at the very instant the defendants gave the new note to the plaintiffs the plaintiffs are averring that the old note is genuine? The consideration is a part of the contract, and can only be something that both parties agree upon to be the consideration. In order to make the forged paper the consideration of the new note, *both* parties must agree that the old note is a forgery, and give the new note under such an agreement. But the very nature of a compromise supposes, not that both parties agreed that the old note was a forgery, but that that precise thing was the very thing they were disputing about, and could not agree upon; and so the parties not being able to agree upon the question whether the old note was a forgery or not, each party agreed to give and receive a new note for a lesser amount; the one to avoid the risk of losing all, and the other the risk of paying all. The compromise itself was the consideration, as agreed to by both parties to the new note, and it is a matter of entire indifference whether the old note was genuine or a forgery.

This is not the case when there was an indictment for forgery, and the new note given upon an agreement not to

prosecute. There was no such agreement here. If this new note be void from want of a consideration, the parties could never compromise when there was an allegation that paper is forged.

The rule should be discharged.

OGDEN and BROWN, Justices, concurred.